**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Isiah James, Jr., Petitioner,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2013-000028
Lower Court Case No. 2005-CP-40-02795

———————————

Appeal From Richland County
The Honorable DeAndrea G. Benjamin,
Circuit Court Judge

———————————

Memorandum Opinion No. 2014-MO-012
Submitted May 6, 2014 – Filed May 14, 2014

———————————

**REVERSED AND REMANDED**

———————————

Isiah James, Jr., pro se petitioner, of Ridgeland.

Tommy Evans, Jr., of South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

———————————

**PER CURIAM:** Petitioner seeks a writ of certiorari to review the Court of Appeals' decision in <u>James v. S.C. Dep't of Probation, Parole and Pardon Servs.</u>,

Op. No. 2012-UP-503 (S.C. Ct. App. filed Sept. 5, 2012).  We grant the petition, dispense with further briefing, reverse the Court of Appeals' opinion, and remand the case to the circuit court for a decision on petitioner's appeal.

In 2003, the South Carolina Department of Probation, Parole and Pardon Services (SCDPPPS) denied petitioner's request for parole.  The Administrative Law Court affirmed the denial.  On June 13, 2005, petitioner appealed the denial to the circuit court and simultaneously sought to have his appeal transferred to the Court of Appeals.  The SCDPPPS opposed the transfer, and the transfer was denied.

In 2011, SCDPPPS moved to dismiss petitioner's appeal pending in the circuit court, arguing the Court of Appeals, rather than the circuit court, had subject matter jurisdiction over petitioner's appeal.  The circuit court dismissed the appeal, and the Court of Appeals affirmed.

Because petitioner filed the appeal in the circuit court on June 13, 2005, prior to the effective date of 2006 Act No. 387[1] the circuit court had jurisdiction to hear petitioner's appeal.  Accordingly, we reverse the Court of Appeals' opinion and remand the case to the circuit court for a decision on petitioner's appeal.

**REVERSED AND REMANDED.**

**TOAL, C.J., PLEICONES, KITTREDGE and HEARN, JJ., concur. BEATTY, J., not participating.**

---

[1] Act 387, which was signed into law on June 9, 2006, and became effective on June 1, 2006, provided a uniform procedure for contested cases and appeals from administrative agencies.  The Act amended § 1-23-610, but indicated that petitions for judicial review that were pending before the circuit court at that time would be heard in accordance with the former law.